UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID  SMITH  and  INMATES  of  POLK
COUNTY JAIL,

                Plaintiffs,

-vs-                                                     Case No.  8:05-cv-884-T-24MAP

POLK COUNTY, FLORIDA,

                Defendant.
_____/

## __ORDER__

      Pro se prisoner Plaintiff filed a class action civil suit on behalf of himself and other

inmates incarcerated at the Polk County Jail, Polk County, Florida.  Plaintiff Smith alleges

that the jail is overcrowded and that he has suffered discrimination under the Americans

with Disabilities Act.  He alleges violation of the Eighth, Thirteenth, and Fourteenth

Amendments to the United States Constitution, and alleges "Obstruction of Justice" due

to blocked law library access; lack of access to legal materials such as pens, books, and

copies of cases; no telephone access to attorneys; and lack of telephone books.

      In the 42 U.S.C. § 1983 complaint, Plaintiff Smith seeks to have the Court assign an

agent from the United States Attorney General's office to investigate his claims and

allegations.  Plaintiff Smith also seeks federal witness protection and court sanctions along

with money damages in the amount of $100,000.

DISCUSSION

Class Action Certification

First, the Court will **deny** certification of this case as a class action. One prerequisite for class certification is that the representative parties must fairly and adequately protect the interest of the class.  Fed.R.Civ.P. 23(a)(4).  It would be plain error to allow a pro se litigant to represent fellow inmates in a class action.  Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975).

However, the Court will consider the complaint as an individual action filed by Plaintiff Smith.

Eleventh Amendment Immunity

In the style of the case, Plaintiff names as the Defendant, Polk County, Florida. However, on page two, he states, "David Smith and Inmates at Polk County Jail "P.C.J.". . . . are suing P.C.J. Polk County in its official and individual capacities. . . "  It appears that Plaintiff is suing Polk County, Florida, and the Polk County Jail.

Claims Against Polk County, Florida

Florida law, and in particular, Florida Statute, § 768.28, which contains a limited waiver of sovereign immunity for state agencies, specifically defines state agencies to include "counties and municipalities."  Therefore, Plaintiff's claim against Polk County, Florida, must fail because,  it is clear. . .that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, l00

(l984) (citations omitted).[1]  See In re Venable, 280 B.R. 916, 923 (Bkrtcy. M.D.  Fla. 2002)

(The Florida Supreme Court has consistently recognized that counties and municipalities

and their agents are entitled to sovereign immunity protection. The leading sovereign

immunity cases in Florida all involve municipalities; see, e.g., Trianon Park Condominium

Ass'n v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985), and Commercial Carrier Corp. v.

Indian River County, 371 So.2d 1010, 1020 (Fla.1979)).   Therefore, Plaintiff Smith's claims

for monetary damages against Polk County, Florida, have no merit.

### Administrative Exhaustion

Because Plaintiff is seeking redress from the Polk County Jail, the Court has

undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.  In

pertinent part, § 1915A provides as follows:

> (a)   Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)   Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  The language of the statute does not distinguish between prisoners

who proceed in forma pauperis and those who pay the requisite filing fee.  The procedure

---

[1]  However, in Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), the Court affirmed that state officers who are violating a federal law may always be sued for purely injunctive relief.

required by § 1915A is, by its terms, a screening process to be applied sua sponte.  See id.

The Court finds, for reasons set forth infra, that the complaint should be dismissed prior to service of process pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1) for failure to exhaust administrative remedies.

Plaintiff Smith has asserted the Polk County Jail has placed him at risk of physical injury.  Because Plaintiff alleges that the Defendant engaged in conduct which violated § 1983, the initial inquiry must focus on the language of 42 U.S.C. § 1997e, which sets forth certain threshold requirements which must be satisfied before a prisoner can bring a § 1983 claim.  On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, to read, inter alia, as follows:

> (a)     Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a); Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA").  This provision applies in the present case because Plaintiff filed his complaint after the PLRA's effective date. See Booth v. C.O. Churner, 532 U.S. 731, 736 (2001);  Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999);  Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says that "[n]o action shall be brought with respect to

prison conditions . . . until such administrative remedies as are available are exhausted."

42 U.S.C. 1997e(a).

On the civil rights complaint form, Plaintiff acknowledges that there is a grievance

procedure at the PCJ.  Plaintiff states that he did present the facts relating to <u>some</u> of the

claims in his complaint to PCJ personnel in inmate grievances and that the claims were

investigated.  Plaintiff provided copies of the responses to his grievances. Plaintiff has not

shown that he appealed any of the decisions related to his grievances.

The Court takes judicial notice of Polk County Department of Detention Inmate

Handbook (Rev. 9/99), <u>see</u> Fed. R. Evid. 201, which confirms that there is a grievance

procedure available to inmates at the PCJ.  The PCJ Inmate Handbook details the inmate

grievance procedure, stating, in pertinent part,

> It is the policy of the Polk County Sheriff's Office Department
> of Detention that grievances may be initiated by any inmate, at
> any time, for mistreatment or abuse by jail personnel or other
> inmates without fear of retribution.
>
> The inmate will file his grievance in writing. The grievance then
> will be given to the detention deputy and he will attempt to
> resolve it. If he cannot resolve the grievance, it will proceed
> upward through the detention deputy's chain of command with
> the final destination being the platoon commander (Lieutenant).
>
> Every effort will be made to resolve a grievance, verbally or in
> writing, within five (5) working days from the date the original
> grievance was received. A written record of the grievance
> resolution will be forwarded to the inmate within thirty (30) days
> from the original grievance date, and a copy also will be placed
> in the inmate file.
>
> If the inmate wishes to appeal the resolution made on their
> grievance or disciplinary report hearing, they will have five
> (5) working days to file an appeal with the facility

> commander (Captain). The facility commander then will review the resolution and will have ten (10) working days to respond to the inmate's appeal.
>
> No special form is needed to file a grievance.

Polk County Inmate Handbook, Rules and Regulations § 32.

Accepting as true, as the Court must for purposes of this review, Plaintiff's sworn statement that he filed a grievance, he has failed to establish that he has exhausted all of the administrative remedies available to him at the PCJ, as required by 42 U.S.C. § 1997e(a). Merely filing a grievance relevant to some of his claims is not sufficient. See Booth, 532 U.S. at 736. The Supreme Court held in Booth that exhaustion, including appeal of an unfavorable decision on the inmate's initial grievance, is required even where the State's administrative process could not award him the monetary relief he sought. See id. at 741.

"[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1993 (11th Cir. 1999); Harper, 179 F.3d at 1312; Alexander, 159 F.3d at 1324.

"Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999). Likewise, the Eleventh Circuit has held that the language of the statute "means that 'until such administrative

remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court." Leal v. Georgia Dept. of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (citation omitted).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). See also, Pontier v. City of Clearwater, Fla., 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). The burden to establish administrative exhaustion is on the Plaintiff, and in the present case, he has not carried that burden.

## Conclusion

For reasons set forth above, the Court finds that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a). Plaintiff has not shown any immediate risk of substantial or irreparable harm, and based on information provided by Plaintiff in his complaint, a delay will not unduly burden or prejudice his rights. The legal deficiency in the complaint simply cannot be cured by amendment or discovery.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, without prejudice.  The Clerk is directed to enter judgment against Plaintiff and to CLOSE THIS CASE.

2. That Plaintiff's motion for preliminary injunction (Doc. No. 2) is denied.

3. That Plaintiff's motion for witness protection placement (Doc. No. 3) is denied.

4. That Plaintiff's motion for sanctions (Doc. No. 5) is denied.

5. That Plaintiff is assessed the $250.00 filing fee.  The Clerk is directed to send a copy of this order to Inmate Accounting, Polk County Jail, Polk County, Florida.

ORDERED in Tampa, Florida, on May 31, 2005.

SUSAN C. BUCKLEW
United States District Judge

David Smith